IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                              )
    Brian Nelson,              )    Case No: 09 B 24042
                                )    Chapter 13 (Joliet)
            Debtor.             )    The Honorable Bruce W. Black

## MEMORANDUM OPINION

In this chapter 13 case the Standing Trustee has questioned the reasonableness of the fee of the attorney for the debtor by filing a motion pursuant to sections 329 and 330 of the Bankruptcy Code[1] and Federal Rule of Bankruptcy Procedure 2017. The attorney, Timothy Liou, has filed a written response, and a hearing was held. Both sides waived the presentation of evidence and have submitted the issues on the basis of the record.

This opinion will constitute findings of fact and conclusions of law. For the reasons stated below, a separate order will be entered ordering Mr. Liou to disgorge a substantial portion of the fee he has received.

*Jurisdiction*

The court has jurisdiction over the parties and the subject matter of this case pursuant to 28 U.S.C. § 1334(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. §157(b)(2)(A).

---

[1] 11 U.S.C. §101 *ff.* Any reference to "section" or "the Code" is a reference to the Bankruptcy Code unless another reference is stated.

1

*Background*

The facts have not been disputed. Mr. Liou filed a petition for relief under chapter 13 on behalf of the debtor on July 1, 2009. He and the debtor had entered into a fee agreement on June 24, 2009, and the debtor paid Mr. Liou $5,290 on June 29, 2009.

Accompanying the petition were the debtor's Statement of Financial Affairs and the attorney's disclosure under Fed.R.Bank.P. 2016(b) on official Bankruptcy Form B203. Both revealed the payment to Mr. Liou. The fee agreement was attached to the disclosure statement. On September 5, 2009, Mr. Liou filed a fee application that also disclosed the payment of $5,290.

The trustee complains that (1) the fee agreement excludes "basic matters," including representation on a trustee's motion to dismiss, from the services to be provided; (2) the fee agreement conflicts with the 2016(b) statement; (3) the fee agreement is internally inconsistent; (4) the fee agreement violates Local Bankruptcy Rule 2090-5 governing appearances by attorneys; (5) the fee application is not supported by an itemization of services as required by Local Bankruptcy Rule 5082-2; and (6) the fee is excessive for the services provided.

The importance of these issues to the integrity of the bankruptcy process can not be overstated. Many opinions from judges in this district discuss attorneys fees in chapter 13 cases. *See In re Mortakis*, 405 B.R. 293, (Bkrtcy.N.D.Ill. 2009); *In re Kowalski*, 402 B.R. 843, (Bkrtcy.N.D.Ill. 2009); *In re Gage*, 394 B.R. 184, (Bkrtcy.N.D.Ill. 2008); *In re Andreas*, 373 B.R. 864, (Bkrtcy.N.D.Ill. 2007); *In re Lasica*, 294 B.R. 718, (Bkrtcy.N.D.Ill. 2003). Indeed, Mr. Liou's fee practices were the subject of an opinion by Judge Goldgar of this court in *In re Jackson*, 401 B.R. 333

2

(Bkrtcy.N.D.Ill. 2009). In *Jackson*, Liou was sanctioned for filing false 2016(b) disclosure statements and inaccurate statements of financial affairs. He was ordered to disgorge over $17,000 to his client.

The decision in *Jackson* was relatively easy because Mr. Liou had failed to attach his fee agreement to his disclosure statement even though the disclosure statement said the fee agreement was attached. Also, paragraph 9 of the statement of financial affairs said that no payments had been made to Mr. Liou when in fact they had. In the case now before the court, Mr. Liou has at least corrected those mistakes. But, as we will see, he persists in using an unacceptable fee agreement and again seeks an excessive fee. The legislative history behind section 329 discloses a Congressional concern that bankruptcy attorney fees present "a serious potential for overreaching by the debtor's attorney."[2] This case, like *Jackson*, proves that such concern was justified.

*Statutory and Rule Framework*

The framework for considering the reasonableness of a debtor's attorney fee in chapter 13 cases is found in sections 329 and 330 of the Code and Rules 2016 and 2017.

First, section 329(a) provides:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. §329(a)

---

[2] H.R. Rep. No 95-595, at 329 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6285.

3

Rule 2016(b) requires that the statement mandated by section 329(a) be filed within fifteen days after the petition is filed, with supplements after additional payments or agreements.

Section 329(b) provides the remedy for excessive fees: "If such compensation exceeds the reasonable value of such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive…"

Fees for debtor's attorneys in chapter 13 cases are different from those in chapter 7 cases, in which the fees are best received by the attorney prior to filing the petition,[3] and from those in chapter 11 cases, in which retention of attorneys for debtors in possession requires prior court approval.[4] In chapter 13 cases debtor's attorneys are entitled to a reasonable fee without prior authorization by the court. Section 330(a)(4)(B) says:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on the consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.[5]

11 U.S.C. §330(a)(4)(B)

As section 329 makes clear, whether a fee is reasonable can only be determined in relation to what services are to be provided in return for the fee. It follows that analysis of the agreement between Mr. Liou and the debtor is necessary here.

---

[3] *See generally Lamie v. U.S. Trustee*, 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); *Bethea v. Robert J. Adams & Assocs.*, 352 F.3d 1125 (7th Cir.2003), *cert denied*, 541 U.S. 1043, 124 S.Ct. 2176, 158 L.Ed.2d 733(2004).
[4] Fed.R.Bank.P. 2014.
[5] The reference is primarily to section 330(a)(3).

4

*The Fee Agreement*[6]

The trustee attacks the fee agreement for excluding basic services, for conflicting with the 2016 statement, for being internally inconsistent, and for violating Local Rule 2090-5. All criticisms except the last are well-taken. As a whole the agreement does not support the reasonableness of the fee charged and is so unclear that it will be cancelled pursuant to section 329(b).

The structure of the agreement contributes to its lack of clarity. It is one paragraph containing twenty-two sentences. In general, the first two sentences state what the debtor will pay. The next four sentences describe what services will be provided for the fee stated. The agreement goes on to list services that are not covered by the fee and provides that other services will be provided for additional fees.

A close examination of the agreement discloses its flaws. The first sentence says the attorney will file the chapter 13 petition and the debtor agrees to pay "$5,290.00 as payment in full for all contemplated services to be rendered." In the second sentence (the only one in bold type), the debtor "further agrees" to pay the filing fee to the Clerk "and an amount equivalent to one plan payment to be used toward fees due pursuant to this agreement." Based on these two sentences, it is not clear what the debtor is agreeing to pay. Because the word "further" is used in the second sentence, it appears that the debtor is agreeing to pay $5,290, plus the filing fee, plus an amount equal to one plan payment under the proposed chapter 13 plan. But the $5,290 in the first sentence is "payment in full," so what is the meaning of the phrase "to be used toward fees due under this

---

[6] The agreement is reproduced in full as Appendix A at the end of this memorandum opinion.

5

agreement"? This ambiguity is only heightened when one discovers that the amount of the plan payment turns out to be $5,290.

If the fee to be paid is unclear, the services to be provided are even less clear. The third sentence begins, "[t]he contemplated legal services to be rendered are...", thus repeating the term in the first sentence, so presumably the $5,290 fee covers all of the services which follow in this sentence. The remainder of the sentence describes routine services through the filing of the petition. The next sentence says the attorney will represent the debtor at the meeting of creditors. The fifth sentence covers negotiating with secured creditors.

The sixth sentence appears to continue to describe services covered by the $5,290 fee. It says,

> Attorney will notify Client and appear on Client's behalf pursuant to *the trustee's or any creditor's motion to dismiss the case or requests for modification of the stay because of a default in payments*, meet with Client over the term of the plan, if Client desires, to explain reports from the trustee as to receipts and disbursements. (*emphasis added*)

Because motions to dismiss and motions to modify the automatic stay are by far the most common motions in a chapter 13 case, providing services regarding them is an essential part of representing debtors in chapter 13. Unfortunately, the unequivocal promise in sentence six to represent debtors on motions by the trustee and creditors is contradicted by the ninth sentence, which says,

> Legal services not contemplated by the fees charged are: contested hearing on objections to claims, hearing on any adversary matter, extended litigation, filing memorandums of law or briefs, more than *one pre-confirmation court appearance on a creditor's motion, representation related to a trustee's motion to dismiss the case,* proceedings filed for turnover orders, amendments to add additional

6

creditors, applications for hardship discharge, conversion to Chapter 7, application to sell real estate, etc. (*emphasis added*)

Many—perhaps most—motions to modify the automatic stay are not resolved on the first court appearance. Many such motions also contain a request that the case be dismissed. Limiting the representation on such motions to one court appearance completely eviscerates the earlier promise of representation made in the sixth sentence. Moreover, the statement that the fee does not cover "representation related to a trustee's motion to dismiss the case" simply can not be reconciled with the promise in the sixth sentence that the attorney will "appear on Client's behalf pursuant to the trustee's ... motion to dismiss the case." These two contradictions on critically important services render this agreement so unclear as to be misleading. They are enough to require the conclusion that whatever services are to be provided do not support a finding that the $5,290 fee is reasonable.

The trustee also argues that the fee agreement is inconsistent with the 2016(b) disclosure statement. The 2016(b) statement discloses the following:

> For legal services, I have agreed to accept . . . . . . $     5,290.00
> Prior to the filing of this statement I have received $     5,290.00
> Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $          0.00
>
> 2. The source of the compensation paid to me was:
>    ■ Debtor    □ Other (specify)
>
>                 \* \* \*
>
> 5. *In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:*
>
> a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
> b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
> c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

> d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
> e. [Other provisions as needed]
> Services as provided in attached Attorney Fee Agreement.
>
> 6. By agreement with the debtor(s), the above-disclosed fee does not include the following services
> Representation pursuant to Sec. 523 shall be billed at $295.00 per hour.

In this case, unlike *Jackson*, the fee agreement was attached to the disclosure statement. Unfortunately, as detailed above, the fee agreement discloses very little, and it is also inconsistent with the rest of paragraph 5 of the disclosure statement in which it is referenced. Paragraph 5 begins, "In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including: . . . ." The form lists four services and invites listing of "other provisions as needed." It is here that Mr. Liou's statement refers to the fee agreement. But, as we have seen, instead of providing for other services covered by the "above-disclosed fee," the fee agreement says the $5,290 is not payment for "legal services for all aspects of the bankruptcy case." To the contrary, the fee agreement provides that any services beyond confirmation of the plan will require payment of additional fees. This fundamental inconsistency renders this disclosure statement unacceptably misleading. As such, it is sanctionable.

The trustee also attacks the fee agreement as constituting a violation of Local Bankruptcy Rule 2090-5(B), which states,

> Appearance of Attorney for Debtor; Adversary Proceedings
>
> Counsel who represents the debtor upon the filing of a petition in bankruptcy is deemed to appear as attorney of record on behalf of the debtor for all purposes in the bankruptcy case, including any contested matter, but is not deemed to appear in any adversary proceeding filed against the debtor.

Certainly the tenor of the fee agreement is inconsistent with this rule, but the court can not conclude that the agreement violates the rule because of the tenth sentence in the fee agreement, which says: "Attorney, upon Client's request, will appear on Client's behalf on any matter that affects Client's chapter 13 case including any services not originally contemplated by this fee agreement as well as the court-adopted Model Retention Agreement." The next sentence says, "If so, Client will compensate Attorney for any additional services." Because the local rule says nothing about compensation, these two sentences are not inconsistent with the rule.

The trustee also alleged in his motion that Mr. Liou's fee application was not supported by an itemization of services as required by Local Bankruptcy Rule 5082-2. Although this allegation was undeniably true, in his written response to the motion, Mr. Liou denied it, saying, "Denied. Debtor's counsel has attached an itemization for legal services performed to this Response (*see* attached itemization)." Neither law nor logic allows someone to deny making an error any time they are willing to correct it. This denial also supports sanctions against Mr. Liou.

The trustee's final argument regarding Mr. Liou's fee is that the "fee is excessive as there is nothing extraordinary about the underlying Chapter 13 case." The trustee is clearly right. Mr. Liou has the burden of showing that his fee is reasonable. *Matter of Geraci*, 138 F.3d 314, 318 (7th Cir. 1998). He has not met his burden. The itemization does not support the reasonableness of the fee. In this case, Mr. Liou waived presentation of evidence. In *Jackson*, although he testified, he did not testify about the itemization of services he submitted in that case. The result is the same. As Judge Goldgar concluded,

9

without testimony explaining the itemization and describing the services, the itemizations are entitled to no evidentiary weight. *Jackson*, 401 B.R. at 342.

There are two ways for the court to judge the reasonableness of fees. One is to take judicial notice of the docket entries in this case. *Id.* They reveal, as the trustee alleged, "nothing extraordinary" about this case. The second way to measure the reasonableness of this fee is to compare this fee and agreement with the Model Retention Agreement approved by the judges of this court. *Cf. Geraci*, 138 F.3d at 318. Any debtor's attorney who enters into the agreement with his chapter 13 client is authorized to receive a flat, or "no-look," fee of up to $3,500. The legal services to be provided under the model agreement are consistent with a broad reading of Local Bankruptcy Rule 2090-5(B), quoted above. Providing much fewer services for much more money does not appear reasonable.

Another fact raises the question of whether Mr. Liou actually sets his fees on the basis of the debtor's ability to pay rather than on the services to be provided. In this case and the two cases discussed in *Jackson*, Mr. Liou's fee equaled the monthly plan payment. *See Jackson*, 401 B.R. at 337, 338. There is no obvious logical correlation between the attorney fee and the monthly plan payment, and Mr. Liou has not offered any rationale for what appears to be his common practice. A debtor's ability to pay a fee is not one of the factors the court may consider in assessing the reasonableness of the fee under section 330(a)(4)(B) or section 330(a)(3), and the fact that the fee and the monthly payment are the same casts further doubt on the reasonableness of this fee.

*Conclusion*

For the foregoing reasons the court concludes that Mr. Liou's fee is excessive. Although the services performed, as reflected by the docket sheet, would have supported a $3,500 flat fee customary in this district had Mr.Liou and his client entered into the Model Retention Agreement, a fee in that amount is not justified in these circumstances. Given the lack of clarity in the fee agreement, the misleading way the fee agreement and the disclosure statement were combined, the denial of the undeniable, and the lack of proof of services beyond the court's examination of the court's docket, I conclude that the appropriate fee in this case is $2,000. Accordingly, Mr. Liou will be ordered to disgorge $3,290 to the debtor.

DATED: October 30, 2009                ENTERED:

                                       /s/ Bruce W. Black
                                       Bruce W. Black
                                       Bankruptcy Judge